edge that her husband claimed to be the owner of the claim, or that he intended to assign it to the plaintiff. The mere presence of Mrs. Gold at the office where the papers were prepared and executed is not sufficient to estop her from enforcing her cause of action against the defendants, if she had one, and the assignment of a claim of her husband is no protection to the defendants against a subsequent action by Mrs. Gold.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event. All concur.

---

REUTER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

CARRIERS (§ 318*)—INJURIES TO PASSENGERS—NEGLIGENCE—EVIDENCE.

In an action for injuries to a street car passenger while attempting to alight, evidence *held* not to show that the accident was caused by the sudden starting of the car after it had stopped but to show that the passenger attempted to alight just before the car stopped.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

Thomas and Rich, JJ., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John H. Reuter against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

James W. Carpenter, for appellant.
Maurice B. Rich and Isador Goetz, for respondent.

JENKS, J. The negligence charged against the defendant is that it did not afford to plaintiff as a passenger a reasonable opportunity to leave its car. It appears that plaintiff, with his family, purposed to alight at or near a station in order to board a connecting train. The version of the plaintiff is that the car stopped, and when he was attempting to alight from the running board the car started up, so that he was thrown off onto the ground. The witnesses for plaintiff as to the accident consisted of himself and his daughter. But the testimony of the latter is not clear in favor of the plaintiff. On her direct examination she testifies that the car stopped, and that as her father "got ready to get off," and as he went "to step down to finish to get off," the car jerked. On her cross-examination she says that two or three passengers jumped off before her father's attempt, but the rest "got off after that"; that none of them met with any mishap, and that the car was standing still when they alighted.

It is conceded that the car made but one stop. Now, the conductor of the car, and Hyman, apparently a disinterested witness, and the

transfer agent and starter, testify that the plaintiff attempted to leave the car while it was moving slowly in the loop, and fell, and that the car did not come to a stop until it thereafter had gone on about five feet. Upon the record the plaintiff did not uphold the burden to prove that after the car had stopped he sought to alight, and failed to do so in safety because the car was started up unreasonably; for the preponderance of the evidence indicates that he sought to alight just before the car came to a standstill, which would indicate that if he had waited a moment he might have alighted safely, in common with the other passengers.

The judgment should therefore be reversed, and a new trial should be ordered; costs to abide the event.

WOODWARD and CARR, JJ., concur. THOMAS and RICH, JJ., dissent.